IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERNARD CHESTNUT,

    Plaintiff,

vs.                                                Case No. 4:11cv232-MP/WCS

JUDGE JOSEPHINA TAMAYO,
KATHRYN RAY, STATE ATTORNEY,
and DAREN L. SHIPPY,

    Defendants.

                                             /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* filed a motion to proceed *in forma pauperis*, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After being directed to provide prisoner bank account information, doc. 4, Plaintiff complied, doc. 5, and the motion could be properly considered. Plaintiff's *in forma pauperis* motion, doc. 2, as supplemented, doc. 5, is granted in a separate order entered this day, and the complaint can now be reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff has failed to set forth the factual allegations of his case in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b).

Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In its present form, the complaint could not be appropriately responded to by the Defendants.

Plaintiff's complaint alleges that state court Judge Tamayo has deprived Plaintiff of his constitutional rights by failing to rule on any motion he sent to the court. It also appears, however, that Plaintiff has counsel to represent him. That being the case, *pro se* motions would not be heard by the court and, instead, motions should be filed on Plaintiff's behalf by his counsel.

Plaintiff contends that all persons involved in his state criminal proceedings are involved in a conspiracy. Plaintiff claims that his speedy trial rights have been violated, that both attorneys who have been representing him are allegedly incompetent, and he further alleges that the judge is delaying or deliberately refusing to rule on his motions. Plaintiff contends he has suffered discrimination, denied his right to a fair and speedy trial, competent counsel, and he contends he "should be entitled to and respectively demand lawful release." *Id.*, at 7. Plaintiff also seeks to bring claims for legal malpractice, negligence, and malicious prosecution. *Id.*, at 8. For relief in this case, Plaintiff requests compensatory damages, immediate release, and "dismissal of all charges." *Id.*

Claims such as legal malpractice and negligence are state law claims. Negligence is not enough to state a claim in a civil rights action. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Plaintiff cannot prevail on a malicious prosecution claim at this point either. State law governs a § 1983 claim based on malicious prosecution.[1] Eidson v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Under Florida law, to prevail in a malicious prosecution action a plaintiff must establish that: (1) an original criminal or civil judicial proceeding was commenced against the present plaintiff; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff; (3) a bona fide termination of the original proceeding in favor of the present plaintiff; (4) an absence of probable cause for the original proceeding; (5) the presence of malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); *see also* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) (finding "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). A plaintiff's inability to satisfy any one of these six elements defeats the action. Alamo, 632 So. 2d at 1355; Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 2d DCA 1989). Plaintiff has not yet gone to trial on the criminal charges, nor have the charges been dismissed. Thus, Plaintiff cannot demonstrate the bona-fide termination requirement.

The "favorable termination" element may be satisfied either by a favorable decision "on the merits" or a bona fide termination of the proceedings. Union Oil of California Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. 3d DCA 1985). "Bona fide"

---

[1] The right to be free from malicious prosecution is founded upon the Fourth Amendment. Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir. 1998).

means "the termination was not bargained for[2] or obtained by the accused upon a promise of payment or restitution."  Union Oil, 468 So. 2d at 353, n. 3; Freedman v. Crabro Motors, Inc., 199 So. 2d 745 (Fla. 3d DCA 1967).  In criminal cases, it is well established that only terminations indicating "that the accused is innocent" are considered favorable.  Uboh, 141 F.3d at 1004, *citing* Hilfirty v. Shipman, 91 F.3d 573, 580 (3rd Cir.1996); Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).  "[W]ithdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution."  Uboh, 141 F.3d at 1004-05, *citing* Taylor, 36 F.3d at 455-56.  Here, Plaintiff cannot succeed on this claim until resolution of the criminal charges against him in his favor.  The claim should be dismissed.

Additionally, Plaintiff cannot seek his immediate release from jail or the dismissal of charges against him in a civil rights action.  Under Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973), a civil case cannot seek injunctive relief which would result in speedier or immediate release from detention or imprisonment.  *See also* Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).

The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of

---

[2] If "the bargaining constitutes nothing more than a promise to pay what was offered before the charges were brought, and the negotiations reflect the accused's innocence, then the termination would still be bona fide."  Alamo, 632 So. 2d at 1356.

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings.  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  In Younger, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances."  Id. at 41, 91 S. Ct. at 749.  The Younger doctrine does not permit this Court to override the authority of the state court and dismiss charges brought against Plaintiff by the State of Florida.  Based on this doctrine, no claim can persist against any of the named Defendants.

Moreover, Plaintiff cannot seek compensatory damages against Judge Tamayo. A judge is entitled to absolute immunity for damages under Section 1983 unless he or she acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).  The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial.  Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980).  The facts of this case clearly reveal judicial conduct being challenged as Defendant Judge Tamayo is the presiding judge over Plaintiff's criminal case.  Dismissal is appropriate.

Furthermore, prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47

L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Such actions include "initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff cannot pursue his claim against Defendant Kathryn Ray as she is the State Attorney who is prosecuting Plaintiff.  Because this Defendant is immune from suit under § 1983, the complaint must be dismissed as to her.

Finally, Plaintiff cannot proceed in a civil rights case against his defense counsel, whether retained or appointed, because he or she is not a "state actor" for purposes of a civil rights action .  Action by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).   While Plaintiff has broadly alleged a conspiracy, Plaintiff does not provide any clear facts which reveal a conspiracy.  Instead, it is merely conjecture and displeasure over the delay in his criminal proceedings and his dissatisfaction with the two attorneys who have been involved with his defense.

For all the reasons provided above, this case cannot proceed and should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because the *Younger* abstention doctrine prohibits interfering with on-going state criminal proceedings, and because

Plaintiff seeks monetary damages from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2011.


  S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**